IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM G. LETT and MARIA LETT, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-860-B |
| | § | |
| CROWN CORK & SEAL COMPANY, INC., and GUARD-LINE, INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| PATRICIA LUSK, Individually and as Personal Representative of the Estate of William E. Lusk, Deceased, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-861-B |
| | § | |
| CROWN CORK & SEAL COMPANY, INC., and GUARD-LINE, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| DEBRA WHITE, Individually and as Personal Representative of the Estate of Frederick H. White, Deceased, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-862-B |
| | § | |
| CROWN CORK & SEAL COMPANY, INC., and GUARD-LINE, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant Crown Cork & Seal Company, Inc. ("Crown Cork"), filed May 9, 2014. Doc. 13. In its motion, Crown Cork requests that the Court grant summary judgment in its favor and against the Plaintiffs in each of the following consolidated cases: *Lett v. Crown Cork & Seal Company, Inc.*, 3:14-CV-860-B, *Lusk v. Crown Cork & Seal Company, Inc.*, 3:14-CV-861-B, and *White v. Crown Cork & Seal Company, Inc.*, 3:14-CV-862-B. Crown Cork has since informed the Court, however, that it has agreed to withdraw its Motion for Summary Judgment as it relates to the Plaintiffs in the *Lett* and *White* cases. Accordingly, and for the reasons that follow, Crown Cork's motion for summary judgment is **GRANTED** as to Plaintiff Patricia Lusk only.

## I.

## BACKGROUND

This is a consolidated action to recover for injuries suffered as a result of exposure to asbestos-containing products allegedly manufactured by Mundet Cork Corporation, with whom Crown Cork merged in 1965.

Each of the plaintiffs in this action originally filed suit against Crown Cork in state court before 2003. While those cases were pending, the Texas Legislature passed a tort reform law entitled "Limitations in Civil Actions of Liabilities Related to Certain Mergers or Consolidations." H.B. 4, 83rd Leg. (Tex. 2003) (codified at Tex. Civ. Prac. & Rem. Code § 149.001–.006) (the "Statute"). The Statute limited the liability of corporations, like Crown Cork, that were successors to companies that were involved in the asbestos industry. *Id.*

The Statute went into effect on June 11, 2003, and applied retroactively to all pending cases,

including the ones filed by the three groups of Plaintiffs in the current action. Eager to take advantage of a defense provided by the newly-enacted Statute, Crown Cork filed motions for summary judgment in two other asbestos-related cases that were then pending against the company, which in turn led the plaintiffs in those cases to challenge the retroactive application of the Statute on the grounds that it violated the Texas Constitution.

While these challenges to the Statute's retroactive application were making their way through the Texas courts, all three Plaintiff groups in the present case opted to enter into tolling agreements with Crown Cork. Doc. 15, Appendix to Motion for Summary Judgment of Crown Cork & Seal Company, Inc. 8–9. Pursuant to the terms of these agreements, the Plaintiffs agreed to non-suit their pending cases without prejudice. *Id.* In return, Crown Cork promised "to waive any statute of limitations . . . defense pending the final determination of the constitutionality of the [Statute]." *Id.*

On October 22, 2010, the Supreme Court of Texas issued its decision in *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126 (Tex. 2010), in which it held that the Statute's retroactive application was unconstitutional. *Id.* at 150. However, the issue was not finally determined until April 29, 2011, when the Court denied the plaintiffs' motion for rehearing.

Following the *Robinson* decision, all three Plaintiff groups eventually refiled their lawsuits in state court, albeit not until January 17, 2014. This Court consolidated those cases on April 24, 2014, after which Crown Cork filed the present Motion for Summary Judgment, to which all responses and replies have now been received. As such, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

-3-

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

### III.

### ANALYSIS

In its original briefing to the Court, Crown Cork took the position that, under Texas law governing claims for asbestos-related injuries, the same two-year statute of limitations applied to the Plaintiffs' claims in all three of the consolidated actions, and that this statute of limitations began to

run as soon as the Plaintiffs were diagnosed with an asbestos-related disease. Def. Br. 4. Crown Cork then proceeded to argue that under this two-year statute of limitations, all of the Plaintiffs' claims were necessarily barred since more than two years passed between April 29, 2011—the date the Supreme Court finally determined that the Statute was unconstitutional and thus the date the statute of limitations resumed pursuant to the parties' tolling agreements—and January 17, 2014—the date each of the Plaintiff groups refiled their lawsuits against Crown Cork. *Id.* at 4–5.

However, after Plaintiffs persuasively argued in their supplemental response brief that the claims of Plaintiffs William and Maria Lett and Plaintiff Debra White are actually governed by federal maritime law, Crown Cork revised its position and now agrees with Plaintiffs that a three-year statute of limitations applies to these Plaintiffs' claims. Doc. 26, Response of Defendant Crown Cork & Seal Company, Inc. to Supplemental Response of Plaintiffs ¶¶ 1–2. Accordingly, Crown Cork has agreed to withdraw its Motion for Summary Judgment as it relates to these Plaintiffs with the understanding that it will re-file its motion after it has had time to conduct some limited discovery on the issue of when Plaintiffs were first on notice of their claims. *Id.* ¶ 3. Crown Cork requests, however, that the Court still consider its Motion for Summary Judgment against Plaintiff Patricia Lusk, whose claims both parties agree are not governed by maritime law. *Id.* ¶ 4.

Granting this request, the Court proceeds to consider Crown Cork's Motion for Summary Judgment as it relates to Plaintiff Patricia Lusk. To review, Crown Cork argues that it is entitled to summary judgment against Plaintiff Lusk because, having waited over two years to refile her lawsuit against Crown Cork after the Supreme Court's decision in *Robinson* became final, Plaintiff Lusk's asbestos-related claims are barred under Tex. Civ. Prac. & Rem. Code § 16.003.

In response, Plaintiffs do not disagree that a two-year statute of limitations applies to Plaintiff

Lusk's claim or that her claim was filed more than two years after the Supreme Court's final decision in the *Robinson* case. Rather, they argue that because the parties' tolling agreement is "silent as to the precise date when the calculation of the limitations period would resume after the constitutional question was resolved," the tolling agreement must be construed in favor of allowing Plaintiff Lusk's claims to go forward.[1] Resp. 5, 8–9. As such, Plaintiffs maintain that Crown Cork has not shown that it is entitled to summary judgment as a matter of law.

As the parties' respective arguments make clear, whether Crown Cork is entitled to summary judgment on its statute of limitations defense depends on the Court's construction of the parties' tolling agreement. In construing the tolling agreement, the Court's primary concern is to "ascertain the true intentions of the parties as expressed in the instrument." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). To do so, the Court gives all terms their "plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense." *Id.* Further, the Court considers the entire writing in order to give effect to all of its provisions and so that none will be rendered meaningless. *Id.*; *see also FPL Energy, LLC v. TXU Portfolio Mgmt. Co., L.P.*, 426 S.W.3d 59, 63 (Tex. 2014). Finally, the Court resolves all ambiguities against the drafter. *FDIC v. Am. Home Assur. Co.*, 585 S.W.2d 756, 759 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

Applying these principles of construction, the Court finds that contrary to Plaintiffs' contention, the tolling agreement contains a specific expiration date; namely, the date of "the final

---

[1] Plaintiffs also contend that the Court should deny Crown Cork's Motion for Summary Judgment because doing so "would not prejudice Defendant's ability defend itself on the merits, while granting Defendant's motion would obviate Plaintiffs' ability to seek relief from this Defendant before even addressing the merits." Resp. 9.

determination of the constitutionality of the [Statute]."[2] App. 8–9. Giving this language its plain meaning, the Court concludes that "the final determination of the constitutionality of the [Statute]" occurred when the Supreme Court's decision in *Robinson* became final, or April 29, 2011, when the Court denied Crown Cork's motion for rehearing.

The Court finds further support for this interpretation in the circumstances present when the parties entered into the tolling agreement. *See, e.g., Columbia Gas Transmission Corp. v. New Ulm Gas*, 940 S.W.2d 587, 589 (Tex. 1996) ("Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered"). As Plaintiffs readily admit, "Plaintiffs and Crown Cork entered into tolling agreements to allow Plaintiffs to proceed against the remaining defendants while preserving the ability to pursue litigation against Crown Cork if [the Statute] were overturned." Resp. 4–5. This being the case, Plaintiffs' expressed need for the tolling agreements was obviated the moment the Supreme Court finally determined the constitutionality of the Statute, because at that point, Plaintiffs were free to once again bring suit against Crown Cork.

Having decided that under the parties' tolling agreement the calculation of the statute of limitations period resumed on April 29, 2011—i.e., when the Supreme Court's decision became final—the Court is left with no choice but to conclude that Plaintiff Lusk's claims are barred under

---

[2] In fact, as Crown Cork correctly observes, were the Court to find otherwise—i.e., that the tolling agreement lacks a specific expiration date—then the tolling agreement would be void as a matter of law; in which case Plaintiff Lusk's claims would have expired even longer ago. Doc. 17, Reply in Support of Motion for Summary Judgment of Defendant Crown Cork & Seal Company, Inc. 1 (citing *Hoff v. Texas Med. Liab. Trust*, 1998 Tex. App. LEXIS 2219, *7 (Tex. App.—Austin 1998) ("The agreement, however, must be specific and for a predetermined length of time. A general agreement in advance to waive or not plead the statute of limitations on a particular obligation is void as against public policy.") (citations omitted); *Starcrest Trust v. Berry*, 926 S.W.2d 343, 351 (Tex. App.—Austin 1996); *Duncan v. Lisenby*, 912 S.W.2d 857, 858–59 (Tex. App.—Houston [14th Dist.] 1995)).

Tex. Civ. Prac. & Rem. Code § 16.003. Under that provision, Plaintiff Lusk had, at the very latest, until April 29, 2013, to re-file her asbestos-related personal injury claims against Crown Cork.[3] *See* Tex. Civ. Prac. & Rem. Code § 16.003. Plaintiff Lusk, however, did not re-file her suit against Crown Cork until January 17, 2014, nearly eight months after her claims expired. As such, the statute of limitations precludes Plaintiff Lusk from moving forward with her claims against Crown Cork.[4]

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Crown Cork & Seal Company, Inc.'s Motion for Summary Judgment **(doc. 13)** as it relates to Plaintiff Patricia Lusk and **ORDERS** that judgment be entered in favor of Crown Cork on all claims raised by her.

**SO ORDERED.**

**SIGNED: February 5, 2015**.

_____

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] This expiration date assumes that Plaintiff Lusk originally filed suit against Crown Cork immediately upon learning of her asbestos-related claims. *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 652 (Tex. 2000).

[4] The Court acknowledges that its decision will have the effect of denying Plaintiff Lusk the opportunity to litigate the merits of her case. Contrary to Plaintiffs' contention, however, this alone is not reason enough to ignore the statute of limitations and allow Plaintiff Lusk to move forward with her claims even if, as Plaintiffs contend, the burden to Crown Cork of doing so would be minimal. *See, e.g.*, *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex. 1997) ("[P]reclusion of a legal remedy alone is not enough to justify a judicial exception to the statute. The primary purpose of limitations, to prevent litigation of state or fraudulent claims, must be kept in mind."); *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) (observing that society also has an interest in "hav[ing] disputes either settled or barred within a reasonable time . . . based on the theory that the uncertainty and insecurity caused by unsettled claims hinder the flow of commerce.") (citations omitted).